Operations Analysis 249–256 (1961); A. Braff, Microeconomic Analysis 259–275 (1969); R. Dorfman, Prices and Markets 128–136 (3d ed. 1967).

The financial data circulated by Dun & Bradstreet, Inc., are part of the fabric of national commercial communication. There is no doubt that an adverse credit rating can injure a subject. But one injured can inform his suppliers and creditors that a report is misleading. Indeed, in this case, Dun & Bradstreet, Inc., was willing to print a retraction. It is difficult to credit the claim that the "general damages" suffered by the respondent resulted from the short-term confusion between the mispublication and the retraction. In any event, in my view, it has been predetermined that such speculative costs of unfettered communication are preferable to the chill upon free expression that libel laws impose.

I would grant certiorari and set the case for oral argument.

No. 71–215.  IN RE AVALLONE.  Sup. Ct. N. M.  Motion to dispense with printing petition granted.  Certiorari denied.

No. 648, Misc., October Term, 1959.  IN RE WILSON, 362 U. S. 947; and

No. 1257, October Term, 1970.  SAVILLE ET AL. v. UNITED STATES, 403 U. S. 955.  Motions for leave to file petitions for rehearing denied.

No. 883, Misc., October Term, 1967.  PARKER v. MARYLAND ET AL., 390 U. S. 982, 1018, 393 U. S. 903, 397 U. S. 1003.  Motion for leave to file fourth petition for rehearing denied.